LEMMON, Justice.
This disciplinary proceeding involves respondent’s misconduct in handling a client’s funds.
Respondent was the attorney for the Succession of Thelma R. Taylor. Included among the $200,000 in succession assets was a one-sixth interest in certain immovable property that had been inherited by the decedent.
Janice Etienne had offered to buy the property for $10,000 and had given a $1,000 deposit to an attorney who represented other owners. Respondent obtained court approval for the private sale of the succession’s interest in the property to Etienne. On March 10, 1986, Etienne purchased the property from the succession by act of sale passed before respondent, giving respondent a check in the amount of $9,700. The sum of $9,000 was to be applied to the purchase price, and $700 was to be respondent’s fee for handling the sale and clear *949 ing a title defect. Respondent deposited the check in his operating account.[1]
Respondent eventually determined that several minors and nonresidents were included among the owners of the remaining five-sixths interest in the property. He advised Etienne of the problem in obtaining delivery of a complete title, but he told her he would continue trying to resolve the problem.
In the meantime respondent used the funds in his operating account for his personal expenses. By May the balance in the account fell below $400.
On May 26, 1986, Etienne complained to the Bar Association and requested that respondent either refund her money or furnish her with a “true deed” to the property.
In August, 1986, respondent wrote to Etienne and the succession executor advising that it was not economically feasible to resolve the problems involved in obtaining title from all of the owners. He therefore recommended that he would seek a judgment rescinding the sale by the succession and would refund Etienne’s purchase price and expenses.
On November 13, 1986, respondent paid Etienne the sum of $10,985.17 from funds earned from other fees. This payment represented a return of the $10,000 purchase price and the $700 attorney’s fee, and a reimbursement of $285.17 in taxes paid by Etienne.[2] He further obtained a judgment rescinding the sale from the succession to Etienne.
At an investigatory hearing on June 22, 1987, respondent admitted his misuse of the client’s funds. Respondent and counsel for the Bar Association thereafter negotiated the possibility of voluntary discipline. A joint petition for a sixty-day suspension was submitted to this court and was denied on September 25, 1987.[3] 512 So.2d 853.
At the commissioner’s hearing respondent again admitted misuse of the client’s funds. The commissioner found that respondent had commingled a client’s funds with his own and had converted the funds to his own use in violation of Disciplinary Rules 9-102 and 1-102.[4] The commissioner noted that respondent had not initially acted in bad faith, but was guilty of a high degree of negligence in handling the funds and had benefitted from the infraction. Further pointing out respondent’s complete restitution in good faith after abandoning his efforts to deliver a complete title to Etienne, the commissioner recommended a suspension of one year.[5]
*950 In Louisiana State Bar Association v. Hinrichs, 486 So.2d 116 (La.1986), this court established guidelines for imposing penalties in cases involving conversion of clients’ funds. Focus is generally on the attorney’s misconduct in terms of state of mind (intentional or negligent to a higher or lesser degree), the presence or absence of fraudulent acts, the magnitude and duration of the client’s deprivation, the extent of the client’s harm or exposure to harm, the promptness and extent of restitution, and the presence of aggravating or mitigating circumstances. Louisiana State Bar Association v. Longenecker, 532 So.2d 1143 (La.1988).
Under the guidelines a suspension of one year or less is generally appropriate when the negligence in withdrawing the client’s funds is not gross or of a high degree, there is no fraudulent act, there is no serious harm or threat of harm to the client, and full restitution is made promptly without legal proceedings or disciplinary complaint. Here, there clearly were no fraudulént acts. The question of the promptness of restitution is complicated by the fact that respondent spent a considerable amount of time after receiving the client’s funds in attempting to secure a complete title, which was the client’s preference. The misconduct did not begin intentionally, but respondent was at least highly negligent in handling the client’s funds and caused a serious threat of harm to the client by using the funds for his personal expenses. We therefore conclude that respondent’s misconduct falls into the category of suspension for one year or less, depending on the aggravating or mitigating factors.
There were no aggravating factors except the possibly selfish motive that occurs in all conversion cases. Standards for Imposing Lawyer Sanctions § 9.22 (1986). As to mitigation, this matter constitutes the only complaint on respondent’s previously unblemished disciplinary record in twenty-seven years of practice. He had personal and emotional problems at the time of the misconduct, having just gone through a divorce with his wife of twenty-five years and having undergone psychological treatment. He fully and freely disclosed his misconduct and cooperated in the disciplinary proceeding. He expressed remorse and recognition of the fact that he should have reestablished and used his trust account. As the commissioner noted, respondent is a disabled veteran of the Korean Conflict and has served as a juvenile judge ad hoc. Significantly, he reimbursed the client in full within three months of abandoning efforts to deliver a complete title. Finally, the Bar Association was willing to recommend a sixty-day suspension for the only misconduct proved in this case. We therefore conclude that respondent should be suspended from the practice of law for a period of six months. Louisiana State Bar Association v. Thalheim, 504 So.2d *951 822 (La.1987); Louisiana State Bar Association v. Larre, 457 So.2d 649 (La.1984).
For these reasons, it is ordered that James E. Young, Jr. be suspended from the practice of law in Louisiana for six months from the date of finality of this judgment. Respondent is to bear all costs of this proceeding.

. Respondent had closed all of his bank accounts, including his trust account, during marital litigation the previous year. He had reestablished an operating account at the time of this incident. When he reestablished his trust account the following month, he did not transfer these funds.

. Respondent was therefore entitled to reimbursement from the succession of $1,285.17. The $1,000 portion of the purchase price given to the other lawyer had been deposited in the succession account, and respondent’s reimbursement of the taxes paid by Etienne enured to the benefit of the succession.

. This court declined to approve the joint petition for suspension by consent which was contingent upon the court’s acceptance of a binding penalty recommendation. Shortly thereafter, however, this court in denying a similar application made the following statement:
"Petition for suspension by consent denied. However, the Bar Association may resubmit the matter under the same docket number by filing a petition for disciplinary action, in which the parties may waive the appointment of a commissioner. The parties shall file the transcript of the investigatory hearing and may jointly submit other evidence, including depositions and stipulations of facts pertaining to misconduct and aggravating and mitigating factors. The parties may also submit briefs which include recommendations for the appropriate penalty, but the ultimate determination of penalty shall remain within the sole authority of this court. The court may decide the case with or without oral argument and with or without a full opinion.”
Louisiana State Bar Association v. Marinello, 523 So.2d 838 (La.1988).
Since that time, the Bar Association has filed joint petitions with other lawyers for disciplinary action, waiving the commissioner’s hearing and following the other procedures suggested by the court.

. The Code of Professional Responsibility was replaced by the Rules of Professional Conduct, effective January 1, 1987. The alleged violation in this case occurred before the effective date.

. The commissioner’s final recommendation was actually an eighteen-month suspension. *950 The basis for the enhanced penalty recommendation was respondent’s July 9, 1987 withdrawal of the sum of $10,285.18 from the succession account, without court approval, by check with the notation "Reimbursement Etienne Refund Succ. Taylor”. Observing that this withdrawal was made while respondent was negotiating for a sixty-day suspension, the commissioner characterized this action as an aggravating factor which constituted a deceptive practice during the disciplinary process.
The fact of respondent’s July 9, 1987 withdrawal of funds from the succession, in approximately the same amount which he had reimbursed Etienne on November 13, 1986, surfaced inadvertently at the commissioner’s hearing. Respondent had no prior notice that this fact would be considered in the determination of penalty. After the hearing respondent filed evidence in this court that this withdrawal was an advance on his fee for handling the succession and was debited against his fee in the final accounting. There has been no complaint about respondent's handling of the succession, the sole complaint having been lodged by the prospective purchaser of succession property. Respondent was apparently entitled to a partial fee at the time he made the withdrawal (although he should have obtained court approval). Additionally, four months before the withdrawal he had been seriously injured in an accident that had disabled him from working. Finally, the withdrawal was so distant in time after the reimbursement (nine months) that it cannot reasonably be inferred respondent used one client's funds to replenish another client’s funds. We therefore decline to consider the July, 1987 withdrawal in determining the penalty for the misconduct charged to respondent in this case.